Per Curiam.
 

 In July term of the Court of Pleas and Quarter Sessions for the county of Davidson, the plaintiff moved for judgment against the defendants for money paid by the plaintiff as surety in a note with their testator, who was the principal. He prayed that a jury might be impaneled, to say whether he was a surety or not. A jury came. But in the mean time the executors stated to the court that there were debts due by bond and notes, of which they had notice, and upon which, as now admitted at the bar, suits had been instituted which are to the amount of the assets in their hands. They prayed an issue on this allegation, but the court refused it. This opinion was excepted to, and a bill of exceptions filed. The jury find that the plaintiff was a surety, and the court were satisfied that, as surety, he had paid the money demanded. * The court gave judgment. The executors, before judgment and after verdict, offered to prove the above bonds and notes, and no assets ultra. The court rejected the evidence, and the cause was adjourned into this court.
 

 If the sum demanded were of equal dignity with the bonds and notes and settled accounts signed by the debtor, then it is contended by the plaintiff’s counsel that a plea of notice of other debts of equal dignity, and suits upon them, would not be a good plea. For if two or more debts of equal dignity be sued for, and no plea put in of a judgment covering the assets, then the plea which is pleaded will not be true when pleaded, and must be found against the defendant.
 
 *396
 
 For instance, if he plead fully administered, or no assets, to all three, it is not a true plea, for he had assets equal to the demand to which he has pleaded. And where
 
 one
 
 gets judgment, he cannot make a new plea, unless by modern rules and practice. He ought in such case to confess assets to so many as will exhaust them, and have judgment against him, and then plead these judgments to the others, which he has no assets to satisfy, and this, being a true plea, will be found for him. In case he be sued by several at the same time, and has assets enough to satisfy only one of them in
 
 part,
 
 he ought to plead to
 
 one
 
 that he has assets in his hands to such an amount, for which the plaintiff may take judgment, and to the others plead that he has confessed the assets in his hands to the other suit, and made an appropriation thereof to that suit. The counsel who argued against the opinion of one of the court yesterday, was undoubtedly correct. In the plea offered to the court, it is not stated that the bonds and notes mentioned in the plea were sued for and judgments rendered. The plea was not good if the debt demanded was of equal dignity with those pleaded. Then is it of equal dignity? We think it is not, but inferior. It is argued that there is as much * certainty of its existence and quantity as there is of an account settled and signed by the debtor. That is not so, in our opinion. The principal may have counter demands, which, contrasted with and defalcated from that of the plaintiff, may reduce or extinguish his demand. In an account settled and signed, the contrast and defalcations are already made, and all uncertainty removed as to the quantum remaining. We shall go undoubtedly beyond the letter of the act of 1786, to say that this demand is of equal dignity with an account settled and signed, and we believe, also, beyond the spirit. If the plaintiff’s demand be of less dignity, then debts of a higher dignity, made known to the executors, will be a good plea. The court below ought then to have received it.
 

 The judgment must be reversed and the cause remanded, with directions to receive the plea offered by. the defendant.
 

 See King’s Digest, 6678.